IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SMOOTHIE KING FRANCHISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEST SMOOTHIE INC. and JEAN VICTOME, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |  CIVIL ACTION NO. |

## COMPLAINT

Plaintiff, Smoothie King Franchises, Inc. ("Smoothie King"), files this Complaint against Defendants, Best Smoothie Inc. and Jean Victome ("Defendants"), based upon Defendants' violations of a Final Judgment and Permanent Injunction on Consent, entered in *Smoothie King Franchises, Inc. v. Wale F. Oyenuga and Myrtha V. Oyenuga*, No. 1:20-CV-0265-WMR (N.D. Ga.), ECF 33 (the "Consent Judgment").

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Smoothie King is a Texas corporation that was originally incorporated in Louisiana in 1987 and redomesticated as a Texas corporation in 2018 with its principal place of business located at 9797 Rombauer Road, Coppell, Texas

75019.  As a result, Smoothie King is a citizen of Texas for purposes of 28 U.S.C. § 1332.

2. Defendant Best Smoothie Inc. is a Georgia corporation with its principal place of business in Loganville, Georgia.  Defendant Jean Victome resides in, is a domiciliary of, and is a citizen of, the State of Georgia.  As a result, Defendants are citizens of Georgia for purposes of 28 U.S.C. § 1332.

3. This case involves violation of the Consent Judgment, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1331, and the Consent Judgment in which the Court retained jurisdiction to enforce a violation of its terms.  *See* Consent Judgment ¶ 6.

4. The Court has personal jurisdiction over Defendants pursuant to Georgia's Long-Arm Statute, O.C.G.A. § 9-10-91, and the Due Process Clause of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred within this district, and Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

## THE SMOOTHIE KING SYSTEM

6. Smoothie King is a national franchisor that offers franchises for the operation of Smoothie King stores. Since 1988, Smoothie King stores have been selling healthy, blended, fruit drinks ("smoothies") made from confidential and proprietary recipes and blending techniques developed through considerable time, effort, and expense. Smoothie King stores also offer a wide selection of healthy snacks and high quality nutritional products. The Smoothie King Franchise System currently consists of over 1100 Units with over 950 Units in 33 states in the United States.

7. To identify the source, origin and sponsorship of Smoothie King's facilities, products and services, Smoothie King has extensively employed, caused to be advertised, and publicized throughout the United States certain distinctive service marks and trademarks (the "Smoothie King Marks" or "Marks") and color schemes and signage in which the Smoothie King Marks are depicted (the "Smoothie King Trade Dress").

8. Smoothie King owns protectable trademark rights in and to the names of many of its best-selling smoothies, including Angel Food™, The Hulk™, Island Impact®, and Caribbean Way®.

9. All of Smoothie King's smoothies are displayed by name in Smoothie King stores on color-coded menu boards under certain categories of smoothie blends, which are named "Get Fit," "Stay Slim," "Be Well," and "Take a Break." These menu boards also include calorie counts for each smoothie as required by law for each smoothie size offered (i.e., 20 oz, 32 oz, 40 oz).

10. Smoothie King has also developed a comprehensive system for the establishment and operation of businesses offering nutritional drinks and general nutrition products (the "System") for all Smoothie King franchisees to protect the image of Smoothie King stores and to ensure uniform, high quality standards. The detailed specifications and procedures of the Smoothie King System are set forth in Smoothie King's confidential operations manual, other manuals and other writings issued by Smoothie King from time to time, such as its confidential and proprietary smoothie recipes (collectively, "Proprietary Materials").

11. In particular, Smoothie King has through considerable time, effort, and expense, developed confidential and proprietary recipes and blending techniques for making healthful, blended, fruit drinks. These recipes are not publicly known, and Smoothie King takes reasonable measures to protect the secrecy of these recipes. Specifically, franchisees are required to sign confidentiality agreements in which they agree to maintain the confidentiality of the recipes and blending techniques.

Franchisees are further required to obtain confidentiality agreements from employees who will utilize the recipes to prepare the smoothies. Additionally, Smoothie King has implemented a coding system to protect the identity of the ingredients as well as the proportions of those ingredients in each recipe. Smoothie King's corporate offices and Research and Development lab keep the recipes under lock and key. Smoothie King also prohibits the electronic transmission of its recipes.

12. Smoothie King's procedures and methods for the preparation of Smoothie King products, product recipes, ingredients, and formulas are treated and protected as trade secrets.

**SMOOTHIE KING'S RELATIONSHIP WITH THE OYENUGAS**

13. Beginning in January 2008, Smoothie King and Wale F. Oyenuga and Myrtha V. Oyenuga (the "Oyenugas") entered into a franchise agreement with Smoothie King, whereby Smoothie King granted the Oyenugas a franchise for the use of, among other things, Smoothie King's trade name, the Smoothie King Marks, the Smoothie King Trade Dress, the Smoothie King System, and the Proprietary Materials in the operation of a Smoothie King store located at 3325 Sugarloaf Parkway, Lawrenceville, Georgia 30045 (the "Oyenuga Store").

14. Beginning in 2018, Smoothie King discovered a series of serious operational issues with the Oyenugas' operation of the store. Rather than terminate

the Oyenugas' franchise agreement, Smoothie King wrote the Oyenugas and offered them the alternative of selling their store as a going concern pursuant to a mutual termination agreement. The Oyenugas agreed, and the parties signed the mutual termination agreement, which obligated the Oyenugas to sell their store by May 2020. After the Oyenugas failed to do so, Smoothie King terminated the franchise agreement and the mutual termination agreement.

15. Instead of closing their store, as the Oyenugas were legally required to do, the Oyenugas began rebranding their store from Smoothie King to a business called "Just Smoothie."

## JUST SMOOTHIE'S UNLAWFUL OPERATION

16. On June 23, 2020, the Oyenugas formed JustSmoothie Inc. ("Just Smoothie"). Mr. Oyenuga's business partner in Just Smoothie was Defendant Victome, who served as its CEO.

17. Just Smoothie used the Smoothie King Marks and the Smoothie King Trade Dress. Indeed, in creating its external sign, Just Smoothie repurposed in its entirety the "Smoothie" portion of the Oyenugas' prior Smoothie King sign and paired it with the word "Just" using the Smoothie King Trade Dress.

18. Just Smoothie likewise used external and internal signage, paper products including bags, napkins and cups, uniforms, sales receipts, and products,

the Smoothie King Marks and the Smoothie King Trade Dress without Smoothie King's authorization or consent.

## THE CONSENT JUDGMENT

19. On June 19, 2020, Smoothie King filed an action against the Oyenugas in the United States District Court for the Northern District of Georgia, Atlanta Division. *Smoothie King Franchises, Inc. v. Wale F. Oyenuga and Myrtha v. Oyenuga*, No. 1:20-CV-02615-WMR (N.D. Ga.).

20. On July 10, 2020, the Court entered a preliminary injunction, ordering, *inter alia*, that the Oyenugas and those acting in concert with them were enjoined from continuing to use any of the Smoothie King Marks, the Smoothie King Trade Dress, and the Smoothie King Proprietary Materials.

21. On October 27, 2020, the Court entered the Consent Judgment, ordering, *inter alia*,

> Defendants and their principals, agents, servants, employees, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants:
>
> a. Are restrained and enjoined from making in any manner whatsoever any statement or representation, or performing any act, likely to lead members of the public to believe that Defendants, or any store operated directly or indirectly by Defendants, or the products and services provided therein, are in any manner, directly or indirectly, associated, affiliated, or connected with, or licensed, sponsored, authorized or approved by Smoothie King;

- 8 -

  b. Are restrained and enjoined from diluting the distinctiveness of the Smoothie King Marks and the Smoothie King Trade Dress and otherwise injuring Smoothie King's reputation in any manner;

  c. Are restrained and enjoined from directly or indirectly operating any business that distributes, markets or sells, at wholesale or retail, any nutritional drinks or general nutrition products or any other related business that is competitive with or similar to a Smoothie King Unit that is located at the Defendants' Unit location (3325 Sugarloaf Parkway, Lawrenceville, Georgia 30045) or that is within a five (5) mile radius of the Defendants' Store or any other Smoothie King Unit in existence or planned as of the termination of the Franchise Agreement for two (2) years from the date of this Order;

  d. Are restrained and enjoined from disclosing and continuing to use any of Smoothie King's Proprietary Materials.

Consent Judgment, ¶ 2.

## BEST SMOOTHIE'S UNLAWFUL OPERATION

22. After Smoothie King filed suit against the Oyenugas, Just Smoothie ceased operations at the location of the Oyenuga Store.

23. On July 6, 2020, Defendant Victome and Just Smoothie, Inc. purchased from the Oyenugas substantially all of the assets from the Oyenuga Store, including its menu boards, blenders, lighting packages, shelving and counter.

24. Three days later, Defendant Victome formed Best Smoothie. Defendant Victome serves as Best Smoothie's CEO and uses his residence as Best Smoothie's principal office.

25. Best Smoothie appears to be a continuation of the "Just Smoothie" business, including by using the same equipment, offering very similar products, and adopting the same logo:



26. Many of the names of Best Smoothie's product offerings are derived from the Smoothie King Marks, including:

| **Best Smoothie** | **Smoothie King** |
|---|---|
| The Incredible | Hulk™ |
| Angie Food Lean | Angel Food™ Slim |
| Bahama Way | Caribbean Way® |
| Galigan Island | Island Impact® |

27. Upon information and belief, many of Best Smoothie's product offerings were created using Smoothie King's Proprietary Materials and trade secrets, including Smoothie King's procedures and methods for the preparation of Smoothie King products and product recipes, ingredients, and formulas. For example, Best Smoothie offers the following smoothies, which are virtually identical in core ingredients to their Smoothie King counterparts:

| **Best Smoothie** | **Smoothie King** | **Core Ingredients** |
| --- | --- | --- |
| The Incredible | Hulk™ | Butter Pecan ice cream, bananas, natural sugar, and protein. |
| Angie Food Lean | Angel Food™ Slim | Strawberry, banana, stevia |
| Bahama Way | Caribbean Way® | Strawberries, banana, natural sugar, papaya / mango |
| Galigan Island | Island Impact® | Pineapple, mango, protein |

28. These Best Smoothie smoothies also closely mirror their Smoothie King counterparts in calorie count.

29. Best Smoothie likewise uses color-coded menu boards to display its smoothies that are substantially similar to those menu boards used by Smoothie King stores. In fact, Defendant Victome purchased the menu board used in the operation

of the Oyenugas' Smoothie King store, and upon information and belief, Best Smoothie now uses the same menu board in one of its stores.

30. Best Smoothie also uses closely similar smoothie categories to those adopted by Smoothie King, including

| **Best Smoothie** | **Smoothie King** |
|---|---|
| Stay Fit | Get Fit |
| Stay Active | Stay Slim |
| Snack Well | Be Well |

31. Best Smoothie currently operates two stores. One is located at 4729 Atlanta Hwy Suite 101, Loganville, GA 30052, which is within a five (5) mile radius of other Smoothie King stores, including a Smoothie King store located at 4799 Atlanta Hwy, Suite 540, Loganville, GA 30052. Best Smoothie's other store is located at 1395 Five Forks Trickum Road, Lawrenceville, GA 30044, which is only half a mile from the former Oyenuga Store, and is also within a five (5) mile radius of other Smoothie King stores, including a Smoothie King store located at 3375 Sugarloaf Parkway Suite 106, Lawrenceville, GA 30044. Upon information and belief, Best Smoothie pursued the latter location in order to benefit from any residual connection or goodwill from the Oyenuga Store.

32. In addition to these two stores, Best Smoothie's website solicits inquiries about requesting a franchise.

## CLAIMS FOR RELIEF

### COUNT ONE

33. Smoothie King realleges and incorporates by reference the allegations contained in paragraphs 1 through 32 above as if they were fully set forth here.

34. Defendants have acted for, with, by, through, and under authority from the Oyenugas, and in concert and in participation with the Oyenugas, in connection with the Just Smoothie business and the Best Smoothie business.

35. As a result of Defendants' actions complained of herein, members of the public are likely to believe that Best Smoothie and the products and services provided are directly or indirectly associated, affiliated, or connected with, or licensed, sponsored, authorized or approved by Smoothie King. Defendants' conduct injures Smoothie King's reputation.

36. Best Smoothie's store located at 4729 Atlanta Hwy Suite 101, Loganville, GA 30052 is located within a five mile radius of the Smoothie King store located at 4799 Atlanta Hwy, Suite 540, Loganville, GA 30052.

37. Best Smoothie's store located at 1395 Five Forks Trickum Road, Lawrenceville, GA 30044 is located within a five mile radius of the Oyenuga Store

and the Smoothie King store located at 3375 Sugarloaf Parkway Suite 106, Lawrenceville, GA 30044.

38. Defendants' conduct violates paragraphs (a), (b), (c), and (d) of the Consent Judgment.

## PRAYER FOR RELIEF

WHEREFORE, Smoothie King seeks an Order enforcing and remedying Defendants' violations of the Consent Judgment, including:

(a) Without regard to proof of actual damages, an amount the Court deems adequate to compensate Smoothie King for such violations;

(b) Injunctive relief enjoining any further violation of the Consent Judgment;

(c) attorneys' fees, costs, and disbursements incurred by Smoothie King in connection with enforcing and remedying Defendants' violations of the Consent Judgment, as determined by the Court; and,

(d) such other relief as the Court deems just and proper.

Respectfully submitted, this the 22nd day of October, 2021.

| | |
|---|---|
| KILPATRICK TOWNSEND & STOCKTON LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, Georgia 30309-4528<br>Telephone: (404) 815-6500<br>Facsimile: (404) 815-6555<br>E-mail: cbussert@kilpatricktownsend.com<br>　　　　jjett@kilpatricktownsend.com<br>　　　　jreynolds@kilpatricktownsend.com | /s/ John P. Jett<br>Christopher P. Bussert<br>GA Bar No. 099085<br>John P. Jett<br>GA Bar No. 827033<br>Joe P. Reynolds<br>GA Bar No. 358795<br><br>*Counsel for Plaintiff*<br>*Smoothie King Franchises, Inc.* |