IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SMOOTHIE KING FRANCHISES, INC.<br><br>　　Plaintiff,<br><br>　　v.<br><br>BEST SMOOTHIE, INC.; MONJOVIC, LLC; and JEAN VICTOME,<br><br>　　Defendants. | CIVIL ACTION<br>NO. 1:21-cv-04402-WMR |

## ORDER

This matter is before the Court on Plaintiff's Motion in Limine [Doc. 114], Plaintiff's Motion to Exclude Expert Testimony of Dr. Thomas Maronick [Doc. 115], and Defendants' Motion in Limine on Certain Issues [Doc. 116]. Upon consideration of the parties' respective arguments, and for the reasons set forth below, Plaintiff's motions are DENIED and Defendants' motion is GRANTED IN PART AND DENIED IN PART.

I.　DISCUSSION

　　A.　Plaintiff's Motion in Limine

During discovery, Plaintiff served Defendants Monjovic, LLC, Best Smoothie Inc., and Jean Victome with its First Requests For Admission ("RFAs"). In the

1

responses to RFA Nos. 6, 7, 12, and 13, Defendant Jean Victome admitted that he created the names and recipes for Best Smoothie, Inc.'s product offerings, which Plaintiff contends are identical to the ones used by Best Smoothie's predecessor, Just Smoothie. According to Plaintiff, the names and recipes are subject to a permanent injunction entered in a separate lawsuit between Smoothie King and the owners of Just Smoothie and that Defendants' rebranding of Just Smoothie to Best Smoothie and their continued use of those names and recipes violates that injunction, as well as federal and state unfair competition laws.

In its Motion in Limine [Doc. 114], Plaintiff asks the Court to exclude Defendants from introducing any testimony, evidence, or argument at trial "contrary" to Defendants' admissions to RFAs Nos. 6, 7, 12, and 13. Under Federal Rule of Civil Procedure 36(b), a matter admitted in response to a request for admission is "conclusively established." Fed. R. Civ. P. 36(b). "The purpose of the rule is to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) (citation omitted). However, a court may permit withdrawal, amendment, or explanation of an admission if it would promote the presentation of the merits of the action and would not prejudice the requesting party in maintaining its action on the merits. *See* Fed. R. Civ. P. 36(b); *Perez*, 297 F.3d at 1264–66. Having applied

2

this two-part test, the Court finds that Defendants' admissions to RFA Nos. 6, 7, 12, and 13 are established, but Defendants may offer evidence that elaborates Victome's understanding of the requests as well as the factual circumstances surrounding the facts that are deemed admitted. Accordingly, Plaintiff's Motion in Limine [Doc. 114] to bar any evidence that may be considered "contrary" to the admissions is DENIED.

      **B.** <u>Plaintiff's Motion to Exclude Expert Testimony of Dr. Thomas Maronick</u>

"Federal Rule of Evidence 702, as explained by the Supreme Court in *Daubert* . . . and its progeny, controls determinations regarding the admissibility of expert testimony." *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998). A court may admit expert testimony if:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Knepfle v. J-Tech Corp.*, 48 F.4th 1282, 1294 (11th Cir. 2022); see also *Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010).

Defendants intend to introduce the expert testimony of Dr. Maronick, a marketing, trademark, and consumer research expert, to negate Plaintiff's allegations that there is a likelihood of consumer confusion as to whether Defendants' business,

products, and services "are directly or indirectly associated, affiliated, or connected with, or licensed, sponsored, authorized, or approved by Smoothie King." [Doc. 76 at 17–18, ¶¶56, 61].

In its Motion to Exclude, Plaintiff essentially argues that Dr. Maronick's opinion testimony would not be helpful to the jury in resolving any factual issues related to Plaintiff's unfair competition claims. [*Id*. at 5]. Specifically, Plaintiff contends that Dr. Maronick's expert opinion is limited to an assessment of whether the Best Smoothie mark creates a likelihood of confusion with the Smoothie King mark and, thus, his opinion is not relevant to the issue of whether Best Smoothie's product offerings and product categories are so similar to Plaintiff's that a consumer would likely be confused as to whether Best Smoothie was affiliated with Plaintiff. However, Defendants intend to rely on Dr. Maronick's opinion testimony to show that Best Smoothie's marks and trade dress are so distinctive and prominent at the store that it is unlikely that consumers would be confused by any similarity of the product offerings. In other words, their defense is that consumers would have known that they were entering a Best Smoothie store, and not a Smoothie King store, as soon as they approached the establishment and walked in the door. Thus, according to Defendants, it would be unlikely that consumers would be confused by any similarity of the product offerings. As Dr. Maronick's opinion testimony is relevant

4

to Defendants' defense against Plaintiff's unfair competition claims, the Court will not exclude his testimony. Accordingly, Plaintiff's Motion to Exclude [Doc. 115] is DENIED.

### C. Defendants' Motion in Limine on Certain Issues

In their motion in limine, Defendants request that the Court preclude Plaintiff from presenting evidence concerning: (i) actual damages and sales/disgorgement of profits in relation to its unfair competition claims; (ii) the fact that Defendants have insurance; and (iii) any evidence that was not produced during discovery. [*See* Doc. 116]. The Court shall address the three issues in turn.

*(i)   Damages*

Under the Lanham Act, a plaintiff may recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. *See* 15 U.S.C. § 1117(a); *Hard Candy LLC v. Anastasia Beverly Hills, Inc.* 921 F.3d 1343, 1352 (11th Cir. 2019).  Here, Plaintiff has elected not to seek actual damages arising from Defendants' alleged unfair competition and violation of the permanent injunction. [*See* Doc. 76 at 19–20; Doc. 127-8 at 6, Section 6(c)]. Thus, to the extent Defendants seek the exclusion of any evidence regarding Plaintiff's actual damages, Defendants' motion in limine is GRANTED.

However, because Plaintiff seeks to recover disgorgement of profits as a remedy, Defendants also asks this Court to exclude any evidence regarding Defendants' sales. Specifically, Defendants argue that Plaintiff has failed to identify any evidence proving that any of their sales resulted from the alleged unfair competition (unauthorized use of Plaintiff's product names and product offerings) and, thus, such evidence would be irrelevant and wholly speculative.

As an initial matter, it appears that Defendants have incorrectly characterized Plaintiff's unfair competition claims as narrowly asserting trademark infringement claims. As noted by the Court before, this is not a standard trademark infringement case. Plaintiff's unfair competition claims are predicated on Defendants' continued use of the product names and product offerings that were subject to a permanent injunction entered in a separate lawsuit between Plaintiff and the owners of Just Smoothie, Inc., the predecessor to Defendants' Best Smoothie business. Thus, Best Smoothie's sales information is directly related to the alleged wrongful conduct— the unauthorized use of product names and product offerings encompassing the majority of smoothies that Best Smoothie sells.

"The Lanham Act allows a successful plaintiff to recover the defendant's profits." *PlayNation Play Systems, Inc. v. Velex Corporation*, 924 F.3d 1159, 1170 (2019). The Act further provides that "[i]n assessing profits the plaintiff shall be

required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117(a). Thus, once the wrongful conduct is shown and evidence of sales is introduced, Plaintiff does not have the burden of proving economic injury resulting from the sales. Rather, Defendants have the burden of disproving economic gain. *See Hard Candy, LLC*, 921 F.3d at 1353.

Here, Plaintiff has gathered evidence during discovery to show Best Smoothie's gross sales (*see* Doc. 128-1; Doc. 128-2; Doc. 128-4; Doc. 104-3 at 58–62) derived primarily from the sale of smoothies which Plaintiff contends infringe on its product names and product offerings. Therefore, Plaintiff will be allowed to introduce evidence of such sales at trial, subject to any particularized objection defense counsel may have at that time it is tendered. To the extent Defendants seek pretrial exclusion of any evidence of Defendant's sales, Defendants' motion in limine is DENED.

(ii)   *Insurance*

It is well-settled that the existence of insurance coverage or possible source of payment upon a finding of liability is generally prohibited from being presented as evidence at trial. Specifically, Federal Rule of Evidence 411 provides that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." Fed. R.

Evid. 411. However, evidence of insurance coverage may be admitted "for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Id.

In response to Defendants' motion on this issue, Plaintiff argues that evidence of Defendants' insurance coverage should be admissible for the purpose of showing that Defendant Victome had knowledge of the permanent injunction and the restrictions that it imposed. [See Doc. 127 at 10]. However, the issue of whether he had such knowledge would, in effect, have a bearing on whether his subsequent conduct was wrongful. Furthermore, it is unclear how the evidence of insurance coverage would prove that had knowledge of the injunction, as business owners typically obtain insurance coverage for their businesses as matter of course. The primary purpose of Rule 411 is to prevent evidence of insurance coverage, or the lack thereof, from inducing the jury to decide the case on improper grounds. As Plaintiff has failed to show how such evidence would be admissible under Rule 411 in this case, Defendants' motion in limine to exclude any evidence of insurance coverage is GRANTED. Should Plaintiff ascertain an appropriate and particularized purpose for introducing such evidence during the course of the trial, Plaintiff may bring it to the Court's attention outside the presence of the jury and the Court will consider it at that time.

### *(iii)   Late Disclosed Discovery Evidence*

Defendants request that Plaintiff not be permitted to introduce into evidence at trial any documentation or other evidence that was not timely produced within the initial discovery timeframe in accordance with Fed. R. Civ. P. 26. [*See* Doc. 116 at 9–10]. At first glance, Defendants do not say what information they seek to exclude through this broad request and it appears that they only seek to exclude documentation and evidence that Plaintiff failed to provide to Defendants during the discovery period.  However, upon review of Defendants' reply to Plaintiff's response to this motion in limine, it appears that Defendants actually seek to exclude the supplemental financial information that *they* were ordered to produce to Plaintiff after the initial discovery period.  Defendants take issue with the fact that Plaintiff failed to request the supplementation of discovery prior to the expiration of the initial discovery period.  The Court is not persuaded.

Under Federal Rule of Civil Procedure 26(e), Defendants have a continuing obligation to update its financial information. Plaintiff sought updated financial information through December 2023 from Defendants and, during the pretrial hearing, the Court ordered Defendants to provide this information. In compliance with that order, Defendants have produced an additional 440 pages of financial information.  The Court will not prevent Plaintiff from using evidence that

Defendant had an obligation to provide and supplement. Thus, to the extent that Defendants seek to prevent Plaintiff from introducing and relying upon the supplemental financial that they were ordered to produce, this portion of Defendants' motion in limine is **DENIED**.

## II.   CONCLUSION

For the above reasons, it is hereby **ORDERED** that Plaintiff's Motion in Limine [Doc. 114] and Motion to Exclude Expert Testimony of Dr. Thomas Maronick [Doc. 115] are **DENIED**.  It is further **ORDERED** that Defendants' Motion in Limine on Certain Issues [Doc. 116] **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

SO ORDERED, this 26th day of June, 2024.

_____
WILLIAM M. RAY, II
United States District Judge
Northern District of Georgia